1  BOWMAN AND BROOKE LLP
   Richard L. Stuhlbarg (SBN 180631)
2  richard.stuhlbarg@bowmanandbrooke.com
   970 West 190th Street, Suite 700
3  Torrance, California 90502
   Tel No.:  310/ 768-3068
4  Fax No.:  310/ 719-1019

5  BOWMAN AND BROOKE LLP
   Monica Y. Hernandez (SBN 302509)
6  monica.hernandez@bowmanandbrooke.com
   750 B Street, Suite 1740
7  San Diego, California 92101
   Tel No.:  619/ 376-2500
8  Fax No.:  619/ 376-2501

9  Attorneys for Defendant,
   FCA US LLC

10

11              **UNITED STATES DISTRICT COURT**

12     **CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

13  CLAUDIA ROBLES,                    )  **CASE NO.:**  5:20-cv-547
                                       )
14                     Plaintiff,      )  (Removed from California Superior Court,
                                       )  Los Angeles County – Case No.
15       vs.                           )  20STCV04835)
                                       )
16  FCA US, LLC; LAKE ELSINORE         )  **DEFENDANT FCA US LLC'S**
    CHRYSLER DODGE JEEP RAM;           )  **NOTICE OF REMOVAL**
17  and DOES 1 through 10, inclusive,  )
                                       )
18                     Defendants.     )
                                       )
19                                     )
                                       )
20  ─────────────────────────────────

21       TO THE CLERK OF THE ABOVE-ENTITLED COURT:

22       **PLEASE TAKE NOTICE** that Defendant FCA US LLC ("FCA"), by its

23  counsel BOWMAN AND BROOKE LLP, hereby removes to this court, pursuant

24  to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship, the claims

25  pending as Case No. 20STCV04835 of the Superior Court of California, County of

26  Los Angeles.  In support of this removal, FCA states as follows:

27  / / /

28  / / /

## I.    <u>THE REMOVED CASE</u>

1.    The removed case is a civil action commenced in the Superior Court of California, County of Los Angeles by Plaintiff Claudia Robles ("Plaintiff") against FCA, entitled *Claudia Robles v. FCA US LLC and Lake Elsinore Chrysler Dodge Jeep Ram,* Case No. 20STCV04835 (the "State Action"). The two named Defendants are FCA US LLC ("FCA") and Lake Elsinore Chrysler Dodge Jeep Ram ("Lake Elsinore").

2.    Plaintiff filed the State Action on February 6, 2020, asserting breach of implied and express warranty under California's Song-Beverly Consumer Warranty Act, and fraudulent inducement – concealment against FCA, and negligent repair against Lake Elsinore. (*See* Complaint.)

## II.    <u>PROCEDURAL REQUIREMENTS</u>

3.    Generally, a defendant has thirty (30) days from the date of service of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). FCA received notice of this matter after it was served with a copy of the Complaint on February 13, 2020. It was on this date that FCA recognized this matter was removable to Federal Court. On the face of the Complaint, counsel for FCA was able to ascertain the amount in controversy. (*See* **Exhibit A** at ¶ 11; Declaration of Monica Y. Hernandez ["Hernandez Decl."], ¶ 5, filed concurrently herewith).

4.    Pursuant to Fed. R. Civ. Pro. 6(a), a period of greater than 30 days since February 13, 2020 has not elapsed[1]. Accordingly, this Notice of Removal is therefore timely filed.

5.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in FCA's possession are contained in **Exhibits A-K** filed herewith[2].  (Hernandez Decl. ¶¶ 4, 9-18).

---

[1] With the exception of the 30 day period ending on a Saturday.

[2] Pedder Automotive, LLC dba Lake Elsinore Chrysler Dodge Jeep Ram erroneously sued Lake Elsinore Chrysler Dodge Jeep Ram consents to removal and intends to file its answer.

2

6.      Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Central District of California because this district embraces the place in which the State Action has been pending.

7.      Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Los Angeles promptly after filing of same in this Court.

8.      Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

9.      If any question arises as to the propriety of the removal of this action, FCA requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

10.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of FCA's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

### III.     THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

11.     The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. (*See* 28 U.S.C. § 1332)

12.     The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement

stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

13. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiffs to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

14. FCA disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, FCA can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

15. In the case at bar, the Plaintiff seeks monetary damages "in a sum to be proven at trial in an amount that is not less than $25,001.00." (*See* Compl., ¶ 11). Plaintiff also seeks "a civil penalty up to two times the amount of actual damages" pursuant to her Song-Beverly Consumer Warranty Act causes of action. (*See* Compl., ¶¶ 125-128, 133, 136, 140). In addition, Plaintiff seeks punitive damages. (Compl., Prayer for Relief, p. 31:23). Plaintiff alleges breach of the express and implied warranties under the Song-Beverly Consumer Warranty Act

(Cal. Civ. Code § 1790 *et seq.*), and fraudulent inducement – concealment against FCA (*See* Compl., *generally*).

16.    Plaintiff alleges that on or about April 25, 2015, Plaintiff purchased a 2012 Dodge Journey, VIN: 3C4PDCBG0CT349391, and it was delivered with, and later developed, defects such as various engine defects. (Compl., ¶¶ 8, 10). Plaintiff allege she presented the vehicle for repairs and further allege that Defendant has "been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities." (*See* Compl., ¶¶ 10, 124).

17.    Plaintiff alleges she is entitled to relief under the Song-Beverly Consumer Warranty Act and fraudulent inducement – concealment causes of action asserted against FCA including: actual damages; restitution; civil penalty in the amount two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c) or (e); consequential and incidental damages; costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to Civil Code section 1794, subdivision (d); punitive damages; rescission of the purchase contract; prejudgment interest;  and other relief as the Court may deem proper.  (Compl., Prayer for Relief, pp. 31:15-28).

18.    The amount in controversy calculation includes punitive damages. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016). In addition, the amount in controversy calculation includes civil penalties under the Song-Beverly Act.  *Brady v. Mercedes-Benz USA, Inc*., 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002).  The amount in controversy calculation also includes reasonable estimates of attorney's fees.  *Id*. at 1011; *Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

19.    Additionally, the *Brady* Court agreed with the substantial line of cases that held that a reasonable estimate of fees likely to be recovered may be used in

1    calculating the amount in controversy.  *See Miera v. Dairyland Ins. Co.,* 143 F.3d

2    1337, 1340 (10th Cir.1998); *Simmons v. PCR Technology*, 209 F.Supp.2d 1029,

3    1034-35 (N.D.Cal.2002); *Gerig v. Krause Publications, Inc.,* 58 F.Supp.2d 1261,

4    1265 (D.Kan.1999); *Plus System, Inc. v. New England Network, Inc.,* 804 F.Supp.

5    1ll, 116-17 (D.Colo.1992).  In doing so, the Court noted that Mercedes Benz USA

6    submitted a declaration detailing fee awards in similar lemon law cases wherein

7    attorney's fees of over $60,000 were awarded.  *Brady v. Mercedez Benz*, 243 F.

8    Supp. 2d 1004, 1009 (N.D. Cal. 2002). As a result, this Court may also consider

9    the reasonable estimate of fees in this case as part of the amount in controversy

10    analysis.

11        20.    The Song-Beverly Act allows for the recovery of attorney's fees,

12    which regularly exceed $100,000. (*See* Declaration of Richard L. Stuhlbarg

13    ["Stuhlbarg Decl."], ¶ 5, filed concurrently herewith).

14        21.    If Plaintiff was to prevail on her Song-Beverly Act claims, she could

15    be awarded damages of $75,000.00 or more if awarded statutory civil penalties,

16    punitive damages, and attorney's fees.  Plaintiff alleges she suffered damages of

17    not less than $25,001.00, and adding $50,002.00 as a two times civil penalty

18    pursuant to the Song-Beverly Act, totals at least $75,003.00.  (Hernandez Decl., ¶¶

19    5-8). Additionally, while punitive damages are typically limited to a single digit

20    multiplier, such an award in this case could exceed $225,000 based on the damages

21    alleged in the complaint.  *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 US

22    408, 424-425 (2003).  Adding these amounts to reasonable attorney fees which a

23    party is entitled to under the Song-Beverly Act, which can be reasonably

24    considered to be at least $35,000.00, it is more likely than not that the amount in

25    controversy exceeds $75,000.  (Stuhlbarg Decl., ¶ 6).

26        22.    Thus, the total amount in controversy therefore exceeds $75,000.00.

27    The amount in controversy is satisfied. (Stuhlbarg Decl., ¶¶ 5-6; Cal. Civ. Code §

28    1793.2(d)(2)(B)-(C); § 1794(c)).

## IV.    <u>DIVERSITY OF CITIZENSHIP EXISTS</u>

23.    The basic requirement in diversity cases is that all Plaintiff be of different citizenship than all defendants.    Any instance of common citizenship prevents federal diversity jurisdiction.  For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled.  (*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).)  A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return.  (*Kanter v. Warner-Lambert Co.*, 265 F.3d. 853, 857 (9th Cir. 2001).)  A party's residence is prima facie evidence of domicile, and only if that party disputes domicile is the removing party required to provide proof of domiciliary intent. *See, e.g,, State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  A corporation, on the other hand, is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.  (28 U.S.C. §1332(c)(1).)

24.    A corporation's principal place of business refers to the place where its high-level officers "direct, control, and coordinate the corporation's activities." (*See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).)  "[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." (*Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) cited by *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) and *GMAC Comm'l Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004)

25.    A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of Plaintiff's Complaint or this fact is disclosed in pleadings, motions or papers "from which it may first be ascertained that the case is one which is or has become removable..."  (28 U.S.C. §1446(b)(3).)

/ / /

/ / /

26.    A party's residence is prima facie evidence of domicile, and only if that party disputes domicile is the removing party required to provide proof of domiciliary intent. (*See, e.g.*, *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).) "It is assumed … that a person's current residence is also his domicile." (13E Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §3612 (3d. ed. 2013).

27.    Plaintiff is, and was at the time of filing of the Complaint, a citizen and resident of California.   (Compl., ¶ 2 (establishing that Plaintiff resides in California); *Ervin v. Ballard Marine Constr., Inc.* (N.D.Cal. Aug. 11, 2016, No. 16-cv-02931-WHO) 2016 U.S.Dist.LEXIS 106507, at *8 [internal citations omitted] (Plaintiff's complaint stated only that he was a resident of Oregon, it made no statement as to Plaintiff's citizenship. The Court found that for diversity purposes a plaintiff is a citizen of the state in which he or she resides in the absence of evidence to the contrary.)).   Plaintiff also is, and was at the time of purchase of the Subject Vehicle, a resident of California, specifically a resident of Perris, Riverside County, California, and has resided there since 2014.   (Hernandez Decl., ¶ 19, TransUnion Report.) Plaintiff, based on belief and information, had no intention to leave California.

28.    FCA is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Michigan.   This Court can take judicial notice of these facts. (*See* Excerpt from FCA's 2014 Form 10-K filing, **Exhibit M** to Hernandez Decl., ¶ 20; *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

29.    Complete diversity existed as of the time this action was filed, as well as the date of this notice.   (*See Salveson v. Western State Bank Card Assn.*, 731 F.2d 1423 (9th Cir. 1984).)

1    **A.    Defendant Lake Elsinore and Fraudulent Joinder**

2        30.    As indicated in Plaintiff's Complaint, Lake Elsinore is an entity

3    organized and in existence under the laws of the State of California. (Compl., ¶ 5)

4    Defendant FCA contends that Plaintiff fraudulently joined Lake Elsinore in this

5    action for no reason other than to defeat diversity jurisdiction and prevent removal

6    of the action to federal court. *See In re Briscoe*, 448 F. 3d 201, 217 (3d Cir. 2006)

7    ("[fraudulent joinder exists where] there is no reasonable basis in fact or colorable

8    ground supporting the claim against the joined defendant, or no real intention in

9    good faith to prosecute the action against the defendants or seek a joint

10    judgment.").

11        31.    Here, Plaintiff has sued FCA for six causes of action except the

12    seventh cause of action for "Negligent Repair" which is claimed only against Lake

13    Elsinore. FCA believes Plaintiff has no intention of prosecuting this claim against

14    Lake Elsinore. Indeed, a review of the Complaint's allegations regarding Lake

15    Elsinore are bare-boned, non-specific allegations as related to Lake Elsinore.

16    (Compl., *generally* and ¶¶ 164-168).

17        32.    Accordingly, it is evident these claims were only brought to defeat the

18    claim of diversity and removal to Federal Court.  Indeed, FCA's counsel's vast

19    litigation experience in opposing these type of cases has been that individual

20    dealerships have not been regularly sued. (Stuhlbarg Decl., ¶ 7). Because

21    Plaintiff's joinder of Lake Elsinore is fraudulent, this Court has the jurisdiction to

22    accept this matter. Accordingly, complete diversity exists for purposes of 28

23    U.S.C. § 1332 jurisdiction.

24                    **V.    CONCLUSION**

25        33.    Consequently, the State Action may be removed to this Court by FCA

26    in accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action is a

27    civil action pending within the jurisdiction of the United States District Court for

28    the Central District of California, (ii) the action is between citizens of different

1  states, and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest

2  and costs.

3  DATED:  March 16, 2020          BOWMAN AND BROOKE LLP

4

5                                   By    /s/Monica Y. Hernandez
                                          Richard L. Stuhlbarg
6                                         Monica Y. Hernandez
                                          Attorneys for Defendant,
7                                         FCA US LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

## PROOF OF SERVICE
F.R.C.P Rule 5(b)(2)

3

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

4

I am employed in the County of San Diego, State of California.  I am over the age of 18 and not a party to the within action; my business address is 750 B Street, Suite 1740, San Diego, California 92101.

5
6

On March 16, 2020, I served the foregoing document described as **DEFENDANT FCA US LLC'S NOTICE OF REMOVAL** on all interested parties in this action by enclosing ☒ **a true copy** ☐ the **original** of them in an envelope addressed as follows:

7
8
9

Tionna Dolin, Esq.                              **ATTORNEYS FOR PLAINTIFF**
Strategic Legal Practices, APC

10

1840 Century Park East, Suite 430          Tel:    310- 929-4933

11

Los Angeles, CA 90067                         Fax:   310- 943-3838
                                                         Email: tdolin@slpattorney.com

12
13

☒      **BY MAIL (F.R.C.P. Rule 5(b)(2)):** I served the documents by placing the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with the firm's business practice for collecting and processing documents for mailing. On the same day the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage date is more than 1 day after the date of deposit for mailing in affidavit.

14
15
16
17

Executed on March 16, 2020, at San Diego, California.

18

☒      (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

19
20
21

Sheila Cavanaugh

22
23
24
25
26
27
28

22217942v1