UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02546-SVW-SK | Date | 5/8/2020 |
|---|---|---|---|
| Title | Claudia Robles v. FCA US LLC et al | | |

Present: The Honorable **STEPHEN V. WILSON, U.S. DISTRICT JUDGE**

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT [13]

**I.      Introduction and Background**

Plaintiff Claudia Robles ("Plaintiff") filed this lawsuit in California state court on February 6, 2020. Dkt. 1-3. Defendant FCA US, LLC ("FCA") removed the lawsuit to this Court on March 16, 2020. Dkt. 1. FCA's Notice of Removal asserted that federal diversity jurisdiction existed under 28 U.S.C. § 1332. Of relevance to this motion, FCA asserted in its Notice of Removal that the non-diverse party named in this lawsuit, Lake Elsinore Chrysler Dodge Jeep Ram ("the Lake Dealership") was fraudulently joined in this action, and therefore its citizenship should be disregarded for purpose of diversity jurisdiction analysis. Dkt. 1 at 4.

Plaintiff's Complaint alleges seven causes of action, five against FCA pursuant to California's Song-Beverly Consumer Warranty Act, one against FCA for fraudulent concealment, and a single cause of action against the Lake Dealership for negligent repair. Dkt. 1-3. In particular, the cause of action against the Lake Dealership alleges that:

> 165. Plaintiff delivered the Subject Vehicle to Defendant Lake for substantial repair on at least one occasion.
> 166. Defendant Lake owed a duty to Plaintiff to use ordinary care and skill in storage, preparation and repair of the Subject Vehicle in accordance with industry standards.

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02546-SVW-SK | Date | 5/8/2020 |
|---|---|---|---|
| Title | Claudia Robles v. FCA US LLC et al | | |

     167. Defendant Lake breached its duty to Plaintiff to use ordinary care and skill by failing to properly store, prepare and repair the Subject Vehicle in accordance with industry standards.

     168. Defendant Lake's negligent breach of its duties owed to Plaintiff was a proximate cause of Plaintiffs damages.

Dkt. 1-3 at 31. Plaintiff has now filed a motion to remand this case back to state court, arguing that the Laker Dealership has not been fraudulently joined. Dkt. 13-1 at 7-11. Plaintiff also asserts that diversity jurisdiction has not been established based on other arguments related to the amount in controversy and the citizenship of the other parties, argument the Court will not address in this Order. *See generally* Dkt. 13-1.

## II.     Legal Standard

     United States federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Consequently, a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Due to this presumption, federal courts must exercise "prudence and restraint" when considering the propriety of removal. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810 (1986). Thus, "[i]f a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018). "The removing defendant bears the burden of overcoming the 'strong presumption against removal jurisdiction.'" *Id.* (quoting *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)).

     A defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008). Only if a court finds that a defendant was fraudulently joined simply to defeat complete diversity and the defendant "cannot be liable on any theory" may the court disregard the citizenship of

                                                                                                                     :

Initials of Preparer                       PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02546-SVW-SK | Date | 5/8/2020 |
|---|---|---|---|
| Title | Claudia Robles v. FCA US LLC et al | | |

the "sham" defendant for removal purposes. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (stating that fraudulent joinder occurs where a plaintiff's failure to state a claim is "obvious according to the settled rules of the state"); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) ("[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.") (emphasis added). Furthermore, the Ninth Circuit has held that a defendant is not fraudulently joined as long as any "deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *GranCare, LLC v. Thrower by & Through Mills*, 889 F.3d 543, 550 (9th Cir. 2018).

### III.    Analysis

Setting aside the other arguments raised in the parties' briefings, the Court finds the question of whether the Lake Dealership has been fraudulently joined to be dispositive. If the Lake Dealership has not been fraudulently joined, its California citizenship dictates remand of this case. 28 U.S.C. § 1332. FCA argues that the bare-bones allegations in the Complaint against the Lake Dealership establish that it has been fraudulently joined, and cites to a recent Central District case concluding in a similar context (and based on similar factual allegations) that California's economic loss doctrine, in application to a negligent repair claim that does not allege any actual injury resulting from the negligent repair, barred any possibility of stating a claim against the dealership in that case. *See In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Litig.*, 2018 WL 5905942, at *6 (C.D. Cal. Sept. 10, 2018).

The Court declines to conclude on this basis that the Lake Dealership has been fraudulently joined, because the appropriate fraudulent joinder analysis requires the Court to consider whether "deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 550. Plaintiff could amend the deficiency asserted by FCA if given leave to amend, therefore even if the Court were inclined to conclude that Plaintiff's bare-bones allegations were insufficient, it is not impossible for Plaintiff to amend the complaint in a manner that avoids application of the economic loss doctrine. *See Carrillo v. FCA US LLC*, 2020 WL 2097743, at *2 (C.D. Cal. May 1, 2020) ("it is entirely plausible that Plaintiffs could amend their complaint and include allegations regarding damage to their property caused by the negligent repair"); *Arias v. FCA US LLC*, 2020 WL 1809666, at

|  |  : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02546-SVW-SK | Date | 5/8/2020 |
|---|---|---|---|
| Title | Claudia Robles v. FCA US LLC et al | | |

\*2 (C.D. Cal. Apr. 9, 2020) ("Although the facts underlying Plaintiff's claim are not highly detailed, this potential deficiency—if there is one at all—could easily be cured by granting Plaintiff leave to amend.") The Court concludes that FCA has not met its burden of establishing fraudulent joinder of the Lake Dealership, because it is entirely possible that Plaintiff could amend its Complaint to state a claim. *Cf. Perez v. Ford Motor Co.*, 2019 WL 5959561, at \*3 (C.D. Cal. Nov. 13, 2019) (finding that an implied warranty claim against a dealership was time-barred and could not be amended to state a claim, given factual allegations that the purchase occurred in 2013 and the lawsuit was not filed until July 2019).

The Court also declines to exercise its discretion under Fed. R. Civ. P. 21 to drop the Lake Dealership as a party given the factual context of this case. "Absent compelling reason to force subject matter jurisdiction, the Court prefers to respect Plaintiff['s] choice of forum and choice of defendants." *Carrillo*, 2020 WL 2097743, at \*3.

IV.   **Conclusion**

Plaintiff's motion to remand is GRANTED. The Court will transfer this case back to the Los Angeles Superior Court.

Initials of Preparer   PMC